IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| SHAHNAZ POURSAIED, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 2:19-cv-02891-JTF-tmp |
| ) | |
| STATE OF CALIFORNIA; CALIFORNIA ) | |
| BOARD OF NURSING; and ) | |
| CHINO HOSPITAL[1], ) | |
| ) | |
| Defendants. ) | |

**ORDER ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION AND GRANTING DEFENDANT CHINO HOSPITAL'S MOTION TO DISMISS AND GRANTING DEFENDANTS STATE OF CALIFORNIA AND CALIFORNIA BOARD OF NURSING'S MOTION TO DISMISS**

Before the Court are Defendants State of California, Attorney General, and California Board of Nursing's (collectively "the State Defendants") Motion to Dismiss Plaintiff Shahnaz Poursaied's ("Plaintiff") Complaint pursuant to Rules 12(b)(1), 12(b)(6), and 12(b)(5) of the Federal Rules of Civil Procedure.  (ECF No. 19.)  On February 18, 2020, Plaintiff filed her Response in Opposition to the State Defendants' Motion to Dismiss, to which the State Defendants filed a Reply on February 28, 2020.  (ECF Nos. 20 & 22.)  Also before the Court is Defendant Chino Hospital's Motion to Dismiss Plaintiff's Complaint pursuant to Rules 12(b)(2), 12(b)(6), and 12(b)(1) of the Federal Rules of Civil Procedure.  (ECF No. 21.)  Plaintiff filed her Response in Opposition to Defendant Chino Hospital's Motion to Dismiss on March 9, 2020.  (ECF No. 23.)

---

[1] In its Motion to Dismiss, Defendant Chino Hospital identifies itself as Enloe Medical Center. For purposes of this Order, the Court will refer to Enloe Medical Center as Defendant Chino Hospital as stated on the docket report.

1

On April 30, 2020, the Magistrate Judge entered a Report and Recommendation recommending that the motions to dismiss be granted.  (ECF No. 27, 2.)  Plaintiff timely filed her Objections on May 7, 2020.  (ECF No. 28.)

For the following reasons, the Court **ADOPTS** the Magistrate Judge's Report and Recommendation and **GRANTS** the motions to dismiss.

## FACTUAL BACKGROUND

In her Report and Recommendation, the Magistrate Judge provides, and the Court adopts and incorporates, Proposed Findings of Fact.  (ECF No. 27, 2–4.)

## LEGAL STANDARD

Congress passed 28 U.S.C. § 636(b) "to relieve some of the burden on the federal courts by permitting the assignment of certain district court duties to magistrates." *United States v. Curtis*, 237 F.3d 598, 602 (6th Cir. 2001). Pursuant to the provision, magistrate judges may hear and determine any pretrial matter pending before the Court, except various dispositive motions.  28 U.S.C. § 636(b)(1)(A).  Regarding those excepted dispositive motions, magistrate judges may still hear and submit to the district court proposed findings of fact and recommendations for disposition. 28 U.S.C. § 636(b)(1)(B). Upon hearing a pending matter, "the magistrate judge must enter a recommended disposition, including, if appropriate, proposed findings of fact." Fed. R. Civ. P. 72(b)(1); *see also Baker v. Peterson*, 67 F. App'x 308, 310 (6th Cir. 2003). Any party who disagrees with a magistrate's proposed findings and recommendations may file written objections to the report and recommendation.  Fed. R. Civ. P. 72(b)(2).

The standard of review that is applied by the district court depends on the nature of the matter considered by the magistrate judge.  *See Baker*, 67 F. App'x at 310 (citations omitted) ("A district court normally applies a 'clearly erroneous or contrary to law' standard of review for

nondispositive preliminary measures.  A district court must review dispositive motions under the *de novo* standard.").  Upon review of the evidence, the district court may accept, reject, or modify the proposed findings or recommendations of the magistrate judge.  *Brown v. Bd. of Educ.*, 47 F. Supp. 3d 665, 674 (W.D. Tenn. 2014); *see also* 28 U.S.C. § 636(b)(1).  The court "may also receive further evidence or recommit the matter to the [m]agistrate [j]udge with instructions."  *Moses v. Gardner*, No. 2:14-cv-2706-SHL-dkv, 2015 U.S. Dist. LEXIS 29701, at *3 (W.D. Tenn. Mar. 11, 2015).  A district judge should adopt the findings and rulings of the magistrate judge to which no specific objection is filed.  *Brown*, 47 F. Supp. 3d at 674.

## ANALYSIS

*Plaintiff's Objections*

Before the Court addresses the Magistrate Judge's legal recommendations, the Court notes Plaintiff did file timely objections to the Magistrate Judge's Report and Recommendation.  However, "[o]verly general objections do not satisfy the objection requirement."  *Spencer v. Bouchard*, 449 F.3d 721, 725 (6th Cir. 2006).  Because the "[f]ailure to identify specific concerns with a magistrate judge's report results in treatment of a party's objections as a general objection to the entire . . . report, . . . [a] general objection is considered the equivalent of failing to object entirely."  *McCready v. Kamminga*, 113 F. App'x 47, 49 (6th Cir. 2004).  Here, Plaintiff generally disputes the correctness of the Magistrate Judge's recommendation, arguing she "strongly disagree[s] with ruling and suggestion of Magistrate Vescovo to dismiss the case" because "[t]he decision is unfair, has no legal support and discriminatory in nature and come across as judge has favored defendants by ignoring federal including EEOC law and not hearing my side at all." (ECF No. 28, 1.)  While Plaintiff's objections are lengthy, she does not specify which findings are

3

believed to be made in error. Accordingly, the Court proceeds as though Plaintiff failed to file any objections.

*Dismissal for Lack of Personal Jurisdiction as to Defendant Chino Hospital*

The Magistrate Judge recommends that all claims against Defendant Chino Hospital be dismissed for lack of personal jurisdiction for three reasons. (ECF No. 27, 11.) First, this Court lacks general personal jurisdiction, which exists "when a defendant has 'continuous and systematic contacts with the forum state sufficient to justify the state's exercise of judicial power to any and all claims.'" *Aristech Chem. Int'l Ltd. v. Acrylic Fabricators Ltd.*, 138 F.3d 621, 627 (6th Cir. 1994) (quoting *Kerry Steel v. Paragon Indus., Inc*., 106 F.3d 147, 149 (6th Cir. 1997)). Because Plaintiff failed to allege sufficient facts to establish that Defendant Chino Hospital—located in California—maintained contacts with Tennessee that were so "continuous and systematic" as to render general personal jurisdiction proper, the Court **ADOPTS** the Magistrate Judge's recommendation that this Court lacks general personal jurisdiction over Defendant Chino Hospital.

Second, this Court lacks specific personal jurisdiction, which may be exercised over a defendant "only on claims that 'arise out of or relate to' a defendant's contacts with the forum." *Aristech Chem. Int'l Ltd.*, 138 F.3d at 627 (citing *Kerry Steel*, 106 F.3d at 149). Here, the causes of action against Defendant Chino Hospital arise solely from occurrences in California, not Tennessee. As the Magistrate Judge correctly explained, the only possible connection between Defendant Chino Hospital and Tennessee is that Plaintiff chose to file suit in Tennessee. Because Plaintiff's claims do not arise out of or relate to Defendant Chino Hospital's contacts with Tennessee, the Court **ADOPTS** the Magistrate Judge's recommendation that there is no specific personal jurisdiction over Defendant Chino Hospital.

Third, personal jurisdiction over Defendant Chino Hospital is not available pursuant to Tennessee's long-arm statutes. Tennessee's long-arm statutes, as set forth in Tenn. Code Ann. §§ 20-2-214 and 223, specify actions that allow the exercise of personal jurisdiction over non-residents of Tennessee. The Magistrate Judge correctly concluded that because none of the actions giving rise to Plaintiff's claims occurred in Tennessee, Tennessee's long-arm statutes do not apply. Accordingly, the Court **ADOPTS** the Magistrate Judge's recommendation that personal jurisdiction over Defendant Chino Hospital is not available pursuant to Tennessee's long-arm statutes.

Because there is no general personal jurisdiction, specific personal jurisdiction, or an applicable long-arm statute, this Court lacks personal jurisdiction over Defendant Chino Hospital. The Court **ADOPTS** the Magistrate Judge's recommendation that all claims against Defendant Chino Hospital be dismissed for lack of personal jurisdiction and **GRANTS** Defendant Chino Hospital's Motion to Dismiss.[2]

*Dismissal for Lack of Subject Matter Jurisdiction as to the State Defendants*

The Magistrate Judge recommends dismissal of Plaintiff's claims against the State Defendants for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. (ECF No. 27, 18.) Plaintiff asserts a 42 U.S.C. § 1983 claim against the State Defendants in their official capacities and seeks both monetary damages and injunctive relief. (ECF No. 1.) The State Defendants have raised the Eleventh Amendment as a bar to Plaintiff's claim and as a basis for this Court's lack of subject matter jurisdiction. (ECF No. 19, 3–6.) The

---

[2] As the Magistrate Judge stated, because there is no personal jurisdiction over Defendant Chino Hospital, there is no need for the Court to analyze Defendant Chino Hospital's additional arguments that Plaintiff lacks standing and that Plaintiff's Complaint fails to state a claim upon which relief may be granted.

Magistrate Judge correctly concluded that the State Defendants are entities of the State of California, thus any suit against the State Defendants is a suit against the State of California. (ECF No. 27, 12–14.) The Eleventh Amendment bars suit against nonconsenting state agencies by private individuals in federal court. *Babcock v. Michigan*, 812 F. 3d 531, 533–34 (6th Cir. 2016) (citation omitted). Where a plaintiff seeks monetary damages from a state agency, such actions are barred by the Eleventh Amendment. *Edelman v. Jordan*, 415 U.S. 651, 663 (1974). Plaintiff's claims for monetary damages against the State Defendants are thus barred by the Eleventh Amendment and the Court lacks subject matter jurisdiction over those claims. The Court **ADOPTS** the Magistrate Judge's recommendation that all claims against the State Defendants for monetary damages be dismissed pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure.

As for Plaintiff's claims for injunctive relief against the State Defendants, the Magistrate Judge correctly concluded such claims should be dismissed. There are three exceptions to the general rule that claims against states are barred by the Eleventh Amendment—(1) the plaintiff seeks prospective injunctive relief if the state has consented to suit, (2) if Congress has properly abrogated the state's immunity, or (3) if the *Ex parte Young* doctrine applies. *See Kovacevich v. Kent State Univ.*, 224 F.3d 806, 817 (6th Cir. 2000). Here, California has not consented to suit, and Congress has not abrogated California's immunity. The *Ex parte Young* doctrine, which allows a federal court to issue prospective injunctive relief against a state official in his official capacity to prevent future federal constitutional or statutory violations, does not apply to the Board of Nursing because the Board of Nursing is not a state official. 209 U.S. 123 (1908); *see also Lawson v. Shelby County*, 211 F.3d 331, 335 (2000). The *Ex parte Young* doctrine also does not apply to the Attorney General because Plaintiff's complaint is based solely on past acts, not continuing conduct. *See Gean v. Hattaway*, 330 F.3d 758, 776 (6th Cir. 2003). The Court

**ADOPTS** the Magistrate Judge's recommendation that all claims against the State Defendants for injunctive relief be dismissed pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure.

*Dismissal for Failure to Properly Serve the State Defendants*

The Magistrate Judge recommends that Plaintiff's claims against the State Defendants be dismissed for improper service under Rule 12(b)(5) of the Federal Rules of Civil Procedure. (ECF No. 27, 20.) Because the State Defendants are agencies of the State of California, Rule 4(j) of the Federal Rules of Civil Procedure dictates the proper methods of service of process, which include (1) "delivering a copy of the summons and of the complaint to its chief executive officer," or (2) "serving a copy of each in the manner prescribed by that state's law for serving a summons or like process on such a defendant." Fed. R. Civ. P. 4(j). According to California law, "[s]ervice of summons in all actions on claims against the state shall be made on the Attorney General." Cal. Gov. Code § 955.4. California allows service by (1) personal delivery, (2) substituted service if personal delivery is not possible after reasonable diligence, (3) first-class mail, (4) and publication with court authorization. *See* Cal. Code Civ. P. §§ 415.10, 415.20(b), 415.30, 415.50. Additionally, service by first-class mail is only complete when a written acknowledgement of receipt of summons is executed. Cal. Code Civ. P. § 415.30(c).

In this case, Plaintiff failed to follow the service of process rules of either the Federal Rules of Civil Procedure or the California Code of Civil Procedure. Plaintiff sent a copy of the summons and complaint to the State Defendants through certified mail, but there was no written acknowledgement of receipt of summons. Plaintiff also failed to utilize any other method of service. Accordingly, the Court **ADOPTS** the Magistrate Judge's recommendation that Plaintiff's claims against the State Defendants be dismissed for improper service under Rule 12(b)(5) of the Federal Rules of Civil Procedure.

*Dismissal for Failure to State a Claim for Which Relief May Be Granted as to the State Defendants*

The Magistrate Judge recommends dismissal of Plaintiff's claims against the State Defendants for failure to state a claim for which relief may be granted, specifically because the State Defendants satisfied the three factors of the quasi-judicial prosecutorial immunity analysis.[3] (ECF No. 27, 20–26.) In analyzing whether immunity applies, a court must determine whether the agency official (1) performed a traditional prosecutorial or adjudicatory function, (2) initiated or decided cases sufficiently controversial that, in the absence of immunity, he would be subject to numerous damages actions, and (3) prosecuted or adjudicated disputes against a backdrop of safeguards designed to protect the plaintiffs' constitutional rights. *See Williams v. Michigan Bd. of Dentistry*, 39 F. App'x 147, 149 (6th Cir. 2002). The Magistrate Judge carefully analyzed those factors. First, the Magistrate Judge reasoned that the State Defendants' functions were prosecutorial and/or adjudicatory because the Board of Nursing is responsible for disciplining the registered nurses it has licensed; an Executive Officer is appointed by the Board with duties delegated by the Board such as beginning disciplinary proceedings and fulfillment of the Board's responsibility to prosecute all people guilty of violating the Nursing Practices Act; the Executive Officer brings forth charges under the Nursing Practices Act; and the Attorney General is requested by the Executive Officer to carry out his prosecutorial function before the Board by way of representing the Executive Officer in filing an accusation and prosecuting it before the Board. (ECF No. 27, 23–25.) Second, the licensing of registered nurses and prosecution of disciplinary proceedings, brought by an Executive Officer through the Attorney General, is an area which has the potential to subject the Board to numerous actions for damages. (*Id.* at 25.) Third, the State

---

[3] "Quasi-judicial immunity extends to those persons performing tasks so integral or intertwined with the judicial process that these persons are considered an arm of the judicial officer who is immune." *Bush v. Rauch*, 38 F.3d 842, 847 (6th Cir. 1994).

Defendants adjudicated the dispute against a backdrop of safeguards designed to protect Plaintiff's constitutional rights. Specifically, the proceedings against Plaintiff were in conformity with California's Administrative Procedures Act. (*Id.* at 26.) Because the State Defendants satisfy the three factors of the quasi-judicial immunity analysis, they are entitled to immunity. Accordingly, the Court **ADOPTS** the Magistrate Judge's recommendation that Plaintiff's claims against the State Defendants be dismissed for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

Because this Court lacks subject matter jurisdiction over the State Defendants, Plaintiff failed to properly effectuate service on the States Defendants, and Plaintiff failed to state a claim upon which relief may be granted, the Court **GRANTS** the State Defendant's Motion to Dismiss.

## CONCLUSION

For the foregoing reasons, the Court **ADOPTS** the Magistrate Judge's recommendation in its entirety, and the State Defendants' Motion to Dismiss (ECF No. 19) and Defendant Chino Hospital's Motion to Dismiss (ECF No. 21) are both **GRANTED**.[4]

**IT IS SO ORDERED** on this 29th day of June, 2020.

*s/ John T. Fowlkes, Jr.*
JOHN T. FOWLKES, JR.
UNITED STATES DISTRICT JUDGE

---

[4] Due to Plaintiff's *pro se* status, the Court notifies Plaintiff of her right to appeal pursuant to Rule 4 of the Federal Rules of Appellate Procedure, which provides: "In a civil case, except as provided in Rules 4(a)(1)(B), 4(a)(4), and 4(c), the notice of appeal required by Rule 3 must be filed with the district clerk within 30 days after entry of the judgment or order appealed from." Fed. R. App. P. 4(a)(1)(A).